EXHIBIT A

ELECTRONICALLY FILED - 2024 Apr 29 3:33 PM - DILLON - COMMON PLEAS - CASE#2024CP1700207

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTH  JUDICIAL CIRCUIT |
| COUNTY OF DILLON | ) | CASE NO. |
| | | |
| Laveeta Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| v. | ) | |
| | ) | |
| Walmart, Inc. d/b/a Walmart | ) | |
| Supercenter, Store #627 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO EACH DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 205 N. Irby Street, Florence, South Carolina, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**Barth, Ballenger & Lewis, LLP**


*s/Kevin M. Barth*
Kevin M. Barth
SC Bar # 559
Post Office Box 107
Florence, South Carolina 29503
(843) 662-6301
kbarth@bbllawsc.com

***Attorneys for Plaintiff***

Florence, South Carolina
April 29, 2024

ELECTRONICALLY FILED - 2024 Apr 29 3:33 PM - DILLON - COMMON PLEAS - CASE#2024CP1700207

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTH   JUDICIAL CIRCUIT |
| COUNTY OF DILLON | ) | CASE NO. |
| | ) | |
| Laveeta Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Walmart, Inc. d/b/a Walmart | ) | |
| Supercenter, Store #627 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, complaining of the Defendant herein, would respectfully allege and show unto this Honorable Court as follows:

1.     The Plaintiff is a citizen and resident of the County of Dillon, State of South Carolina.

2.     Upon information and belief, the Defendant is a corporation organized and existing under the laws of one of the States of the United States other than the State of South Carolina, who does substantial business in the State of South Carolina, and more particularly in the County of Dillon.

3.     That, upon information and belief, venue is proper in the County of Dillon, State of South Carolina, as the events, acts, and/or omissions giving rise to the Plaintiff's cause of action occurred in the County of Dillon, State of South Carolina.  Likewise, the Plaintiff is informed and believes that jurisdiction is proper in this Court.

4.     That heretofore on or about May 2, 2021, Plaintiff was shopping with her grandchild at the Walmart Superstore in Dillon, South Carolina.  After completed her shopping, she and the grandchild exited the store with the purchased items, including a glass globe with a rope on the top.  The Plaintiff was carrying the globe in her hand and was doing so by holding the

1

ELECTRONICALLY FILED - 2024 Apr 29 3:33 PM - DILLON - COMMON PLEAS - CASE#2024CP1700207

string designed for that purpose. While walking into the parking lot, the string disconnected from the glass globe causing the glass globe to hit plaintiff's leg and shatter. As a result of the globe shattering, sharp pieces of glass substantially injured Plaintiff on or about her leg, foot and toes.

5.     That the injuries and damages sustained by the Plaintiff were directly and proximately caused and occasioned by the willful, wanton, reckless, careless, negligent and unlawful conduct on the part of the Defendant, in one or more of the following particulars:

(a)     In placing a defective glass globe on the shelf for sale when it was not safe to do so;

(b)     In failing to inspect the item to ensure its safety prior to offering same for sale;

(c)     In failing to warn customers, including Plaintiff, regarding the likelihood that the string/rope attached to the glass globe was not of sufficient strength to support the entire weight of the globe itself;

d)     In failing to use that degree of care and caution a reasonably prudent person would have used considering the facts and circumstances then and there existing.

Any or all of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff herein, said acts being in violation of the statute and laws of the State of South Carolina.

6.     That as a direct and proximate cause of the negligence, willfulness, wantonness and recklessness and gross negligence on the part of the Defendant, the Plaintiff was greatly and severely injured in an about her leg and foot; that Plaintiff was rendered sick, sore, disabled, bruised and shocked thereby and continues so to be; that all of such injuries have caused Plaintiff extreme and excruciating pain continuously to this date and the Plaintiff will suffer such pain in the future; that as a direct and proximate result of the negligence as aforementioned, the Plaintiff suffered severe bruises and contusions and great pain and suffering.

ELECTRONICALLY FILED - 2024 Apr 29 3:33 PM - DILLON - COMMON PLEAS - CASE#2024CP1700207

7.     That as a direct and proximate cause of said negligence, willfulness, wantonness, recklessness and gross negligence on the part of the Defendant:

(a)     The Plaintiff was confined to the care and treatment of skilled practitioners of the healing arts and nurses;

(b)     Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future;

(c)     Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(d)     The Plaintiff was hindered and prevented and in the future will be hindered and prevented from transacting and attending to Plaintiff's necessary and lawful affairs since the date of the collision and lost and was deprived of gains, profits, salaries, pleasures, advantages and earning capacity and ability which Plaintiff would have otherwise derived and acquired had it not been for the accident;

(e)     The Plaintiff was in the past, at present and will in the future, to be put to great expense for medicine, drugs and medical attention;

(f)     The Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and will continue to have such expenses in the future and has been permanently impaired as a result of the accident.

8.     That as a direct and proximate result of the foregoing acts by the Defendant herein, Plaintiff has suffered substantial actual damages and is demanding a judgment against the Defendant in the sum of $74,000.00.

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant for an award of actual damages in the sum of $74,000.00 and for the costs of this action.

3

ELECTRONICALLY FILED - 2024 Apr 29 3:33 PM - DILLON - COMMON PLEAS - CASE#2024CP1700207

**Barth, Ballenger & Lewis, LLP**

_s/Kevin M. Barth_
Kevin M. Barth
SC Bar # 559
Post Office Box 107
Florence, South Carolina 29503
(843) 662-6301
kbarth@bbllawsc.com

***Attorneys for Plaintiff***

Florence, South Carolina

April 29, 2024